WILLIAM TRAURIG, DEFENDANT IN ERROR, v. MAX GELB, PLAINTIFF IN ERROR.

Argued June 19 and 22, 1908—Decided June 22, 1908.

On error to the Supreme Court.

For the defendant in error, *Philip J. Schotland.*

For the plaintiff in error, *Herbert Boggs.*

PER CURIAM.

The only errors assigned are the failure of the trial judge to order a nonsuit or direct a verdict for the defendant. The controversy turned on the time of the delivery of the deed for the land in question to the defendant. If it was delivered before the levy of the attachment under which the plaintiff

claims, a verdict should have been directed for the defendant. We are satisfied that the case required the submission of this question to the jury; if, indeed, it did not justify the direction of a verdict for the plaintiff. Confessedly there was no delivery to the defendant himself prior to the levy of the attachment. At the time the deed was left with his attorney it was still incomplete, lacking the signature of one of the grantors, which the attorney had seen fit to require as a matter of precaution before passing the title; and, although the deed was left in his custody, it is clear that he did not mean to accept it in behalf of the defendant until it was completed by the signatures of all the persons named as grantors. These facts take the case out of the rule that the law will presume that a man accepts what is for his benefit. This presumption is one of fact only. *Jones* v. *Swayze,* 13 *Vroom* 279.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, J.J.  15.

*For reversal*—None.